J-S48039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK EDWARD SMITH, JR. | : | |
| | : | |
| Appellant | : | No. 1644 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001523-2020

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 28, 2025**

Appellant, Mark Edward Smith, Jr., appeals *nunc pro tunc* from the aggregate judgment of sentence of 1 to 7 years' incarceration, followed by 2 years' probation, imposed after a jury convicted him of burglary (18 Pa.C.S. § 3502(a)(1)(ii)), criminal trespass (18 Pa.C.S. § 3503(a)(1)(ii)), possessing an instrument of crime (18 Pa.C.S. § 907(a)), and criminal mischief (18 Pa.C.S. § 3304(a)(5)).  On appeal, Appellant seeks to challenge his sentence, as well as the weight and sufficiency of the evidence to sustain his convictions, and the court's decision not to allow the Commonwealth to withdraw the burglary charge during trial.  Additionally, Appellant's counsel, Jillian Kochis, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we are constrained to quash this appeal and grant counsel's petition to withdraw.

According to the trial court, Appellant's convictions

> stemmed from an incident on July 30, 2020, during which [Appellant] used a piece of a log to break through the sliding glass door and enter the residence of Renee P. Watson-Smith (Victim), after she denied him entry. At the time of the break-in, the Victim had an active[,] three-year Protection from Abuse [(PFA)] order restraining [Appellant] from having contact with her from March 12, 2018[,] through March 12, 2021. This PFA order was an extension of a previous PFA order entered in 2017 for one year.

Trial Court Opinion (TCO), 7/16/24, at 1.

Appellant was convicted of the above-stated offenses on July 27, 2021. On January 6, 2022, the trial court sentenced him to the aggregate term set forth *supra*. He did not file any post-sentence motion or a direct appeal. Therefore, Appellant's judgment of sentence became final on Monday, February 7, 2022. **See** 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). **See also** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."); Pa.R.A.P. 107 (effective July 1, 1976-Dec. 31, 2023) ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules and all

amendments hereto to the same extent as if these rules were enactments of the General Assembly.").

Over one year later, on February 23, 2023, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Attorney Kochis was appointed and filed an amended petition on Appellant's behalf. Therein, counsel raised various claims, including an allegation that Appellant's trial counsel was ineffective for failing to file a post-sentence motion or direct appeal on his behalf. *See* Amended PCRA Petition, 5/15/23, at 6. On May 10, 2024, the PCRA court issued an order stating that Appellant's "petition is granted, with respect to [his] request for reinstatement of [his] direct appeal rights." Order, 5/10/24, at 1 (unnecessary capitalization omitted). The court instructed that Appellant had "30 days in which to file a written appeal to the Pennsylvania Superior Court." *Id.*

Attorney Kochis filed a notice of appeal on Appellant's behalf on June 10, 2024. On June 11, 2024, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Attorney Kochis did not file a Rule 1925(b) statement for Appellant. On July 16, 2024, the trial court issued a Rule 1925(a) opinion concluding that Appellant's issues are waived based on his failure to file a Rule 1925(b) statement. *See* TCO at 2-4.

On September 24, 2024, Attorney Kochis filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed

an ***Anders*** brief, discussing the following seven issues that Appellant seeks to raise on appeal:

> 1. Was it against the weight of the evidence to find … Appellant guilty of Burglary, a first-degree felony under 18 Pa.C.S.[] § 3502(a)(1)(ii)?
>
> 2. Was there sufficient evidence presented to find Appellant guilty of Burglary, a first-degree felony under 18 Pa.C.S.[] § 3502(a)(1)(ii)[,] when there was no evidence to prove Appellant's intent?
>
> 3. Was it against the weight of the evidence to find … Appellant guilty of Criminal Trespass, a second-degree felony under 18 Pa.C.S.[] §3503(a)(1)(ii)?
>
> 4. Was there sufficient evidence presented to find Appellant guilty of Criminal Trespass, a second-degree felony under 18 Pa.C.S.[] § 3503(a)(1)(ii)[,] where there was no evidence Appellant knew he did not have permission or lawful authority to break into the former marital residence?
>
> 5. Was it against the weight of the evidence to find … Appellant guilty of Possession of an Instrument of Crime with Intent, a first-degree misdemeanor[] under 18 Pa.C.S.[] § 907(a)?
>
> 6. Did the [t]rial [c]ourt err when it failed to allow the Commonwealth to withdraw count 1, Burglary[,] during trial?
>
> 7. Was the sentence imposed by the [c]ourt unduly harsh and excessive considering Appellant's need for proper mental health diagnosis and treatment?

***Anders*** Brief at 9-10 (some formatting altered).

Attorney Kochis concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein.[1] Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin,** 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders,** counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago.** The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago,** 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan,** 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

---

[1] Notably, Attorney Kochis makes no mention of the court's conclusion that Appellant's claims are waived due to her failure to file a Rule 1925(b) statement on Appellant's behalf.

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Kochis's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Kochis also states in her petition to withdraw that she has supplied Appellant with a copy of her *Anders* brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal.

Typically, we would now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal. However, we cannot proceed to this step, as we conclude that we lack jurisdiction over this appeal.

As stated *supra*, a notice of appeal must be filed within 30 days of the entry of the order from which the appeal stems. *See* Pa.R.A.P. 903(c)(3). Here, Appellant seeks to appeal from his judgment of sentence imposed on January 6, 2022. Although Appellant's notice of appeal filed on June 10, 2024, is well outside that 30-day window, the PCRA court purportedly reinstated his direct appeal rights on May 10, 2024. However, for the following reasons, we are compelled to conclude that the PCRA court lacked jurisdiction to do so and, therefore, Appellant's notice of appeal is patently untimely.

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

> period provided in this section and has been held by
> that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 7, 2022. Thus, he had until February 7, 2023, to file a timely PCRA petition. Appellant did not file his *pro se* PCRA petition until February 23, 2023, and therefore, it was patently untimely. Appellant made no attempt in his *pro se* petition to plead or prove the applicability of any timeliness exception, and Attorney Kochis likewise made no mention of any timeliness exception in Appellant's amended petition. Accordingly, the trial court lacked jurisdiction to grant Appellant the relief of reinstating his direct appeal rights. Because Appellant's direct appeal rights were not validly reinstated, his instant notice of appeal from his January 6, 2022 judgment of sentence is clearly untimely, and we are without jurisdiction to review his claims. Consequently, we quash Appellant's untimely appeal and grant counsel's petition to withdraw.

Appeal quashed. Petition to withdraw granted.

Judge Nichols joins this memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/28/2025</u>